UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

UNITED STATES OF AMERICA　　　　　　　　　　CRIMINAL NO. 19-0003 (04)

VERSUS　　　　　　　　　　　　　　　　　　　JUDGE DONALD E. WALTER

DAMIONE BROCK　　　　　　　　　　　　　　　MAGISTRATE JUDGE HORNSBY
_____

## MEMORANDUM ORDER

Before the Court is a Motion for Reconsideration and Motion for Franks Hearing filed by Defendant, Damione Brock ("Brock"). See Record Document 315. The Government opposes this motion. See Record Document 320.

On September 5, 2019, this Court issued a Memorandum Ruling denying Brock's Motion to Suppress Evidence and Request for Franks Hearing. See Record Document 235. Brock had argued that there was a lack of probable cause to support the November 5, 2018, Drug Enforcement Agency ("DEA") request to continue a wiretap order of the target telephone belonging to Roderick Hogan. See Record Document 191 at 6. Brock also argued that the intercept should be suppressed because the DEA first heard or read and minimized the communications from a listening post outside of the Western District Louisiana. This Court denied Brock's motion finding that probable cause was sufficient, and noting that an affidavit provided by DEA Deputy Robert Chapman established that the intercepts were first heard or read and minimized at the Shreveport office in compliance with Dahda v. United States, 138 S.Ct. 1491 (2018). See Record Document 235.

Brock's Motion for Reconsideration once again raises arguments related to probable cause and the location of where the DEA first heard or read and minimized the intercepts. See Record Document 315. The Court will address each argument in turn.

**A.     Probable Cause**

Brock reiterates in his Motion for Reconsideration that there was a lack of probable cause necessary to support the DEA's November 5, 2018, application to extend the wiretap of a target telephone belonging to his co-defendant, Roderick Hogan ("Hogan"), which later captured incriminating evidence against Brock. See Record Document 315 at 2-4. Brock contends that the October 15, 2018, intercepted call between he and Hogan, which was relied upon by the DEA in requesting the wiretap extension, was insufficient. See id. Brock argues that his conversation with Hogan only involved a request to send "his girl" money for a delinquent car payment and did not contain drug code talk between the two. See id. at 3. Brock concedes that the next recorded conversation between he and Hogan included discussions as to whether Hogan's phone was "hit up," but Brock maintains that this information is insufficient to establish probable cause of criminal activity. See id.

As the Court previously noted in its prior ruling, there are numerous conversations obtained from previously authorized (and unchallenged) wiretaps that provided probable cause for the continued wiretap of Hogan's telephone. See Record Document 235 at 6. Recorded conversations between Hogan and another co-defendant, Steven Gilbert, between October 12-15, 2018, revealed discussion of an upcoming drug run, drug transactions, and the monetary value of converting cocaine into crack cocaine. See id. Communications dated October 8, 2018, between Hogan and another individual concern a drug transaction for the purchase of methamphetamine. See id. Finally, the October 15, 2018, intercept between Hogan and Brock clearly demonstrates that both were concerned that Hogan's phone was being monitored, and Hogan ended the call stating that he would call Brock back from another line. See id. The November 5, 2018, application to continue the wiretap of Hogan's telephone was based on all of this information, not solely upon Hogan's conversations with Brock. A common-sense reading of the application packet indicates

that there was a probability that criminal activity was occurring. See United States v. Hyde, 574 F.2d 856, 863 (5th Cir. 1978); United States v. Froman, 335 F.3d 882, 889 (5th Cir. 2004). The Court sees no reason to question its previous finding that there was sufficient evidence to establish probable cause to extend the wiretap.

**B.     Location of Intercept**

Brock requests that the Court reconsider its previous ruling denying a Franks hearing regarding the location of the wire intercepts, arguing that good cause now exists to examine whether the intercepts comply with the requirements of 18 U.S.C. § 2510 et seq. See Record Document 315 at 4. The Court previously found that the intercept occurred within the Western District of Louisiana based on an affidavit provided by Deputy Robert Chapman which stated that all communications were first heard or read and minimized at the DEA's Shreveport Resident Office. See Record Document 235 at 7-8. However, Brock states in an affidavit that on October 28, 2019, after a court proceeding, he had the occasion to directly ask Deputy Chapman the location where Verizon initially sent the intercepted calls. See Record Document 315-4. Brock states that Deputy Chapman admitted that calls were initially intercepted in New Orleans and then forwarded to the Shreveport Office. See id. Thus, Brock contends that this information directly contradicts Deputy Chapman's prior affidavit. See id.

In response, the Government has provided the Court with an affidavit by Verdell Stone, a qualified Investigative Telecommunications Specialist and Systems Administrator for the JSI TELECOM intercept equipment used by the DEA since 1988. See Record Document 320-2. Therein, Mr. Stone indicates that the programming associated with wire intercepts occurs at the New Orleans DEA office once a Court order is received, and then that information is sent to the telecommunications provider, and promptly delivered to the listening post within the jurisdiction of the Court that authorized the intercept via the JSI System. See id. Mr. Stone states that all

monitoring and minimization of the intercepts occurs within the jurisdiction of the Court that authorized the intercept pursuant to Department of Justice policy. See id. Finally, Mr. Stone states that these procedures were followed in this case. See id.

Deputy Chapman also provided an affidavit explaining his interaction with Brock on October 28, 2019. See Record Document 320-1. Therein, Deputy Chapman stated that he attempted to explain to Brock that during a wire tap a service provider will send the call and text information to the New Orleans office, which houses the DEA's main computer. See id. From there the information is transferred to the listening post (in this case the Shreveport Resident Office) where the information is monitored, first heard and read and minimized. See id. Deputy Chapman states again that all agents monitoring the calls were located at the Shreveport office. See id.

The Court is satisfied with this explanation and finds that a Franks hearing is not warranted. What is required under the law is that the place where the intercepts are first heard or read and minimized occur within the territorial jurisdiction of the Court issuing the wiretap order. See Dahda v. United States, 138 S.Ct. 1491 (2018). The mere presence of the information on the servers on the DEA's computer in New Orleans before it was transferred to the Shreveport office where the information was first read and minimized does not run afoul of Dahda.

Accordingly, Brock's Motion for Reconsideration and Request for a Franks Hearing (Record Document 315) is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 15th day of January, 2020.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE