UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 19-0003 (04) |
| VERSUS | JUDGE DONALD E. WALTER |
| DAMIONE BROCK | MAGISTRATE JUDGE HORNSBY |

---

**ORDER**

Before the Court is a "Motion To Disqualify The District Court Judge" filed pro se by the Defendant, Damione Brock ("Brock"). See Record Document 528. The Government opposes Brock's motion. See Record Document 533. In his motion, Brock relies upon 28 U.S.C. § 455(b)(1) and the Due Process Clause of the Fifth Amendment of the United States Constitution. See Record Document 528. Brock asserts three bases for disqualification of this Court: (1) "impatience, disregard, and animosity" toward Brock, (2) "Extra Judicial Source," and (3) approval of a "blatant violation of the Court Reporters Act." Id. at 2.

Section 455(b)(1) of Title 28 of the United States Code provides that a judge "shall [] disqualify himself in the following circumstance[]: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1). In Liteky v. United States, 510 U.S. 540, 114 S. Ct. 1147 (1994), the Supreme Court explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or

> events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration–even a stern and short-tempered judge's ordinary efforts at courtroom administration– remain immune.

Id. at 555-556, 114 S. Ct. at 1157 (internal citations omitted) (emphasis in original).

A review of the record illustrates that the decisions as to Brock were judicial in nature and related to courtroom administration. While Brock alleges that this Court exhibited hostility towards him, the Court, to the contrary, extended Brock the same courtesies (and more) as it would to any practicing attorney who took similar actions. This Court also accommodated Brock's requests to represent himself, to appoint counsel, and to consult with standby counsel. The actions about which Brock specifically complains do not support a bias or partiality challenge under the standards of Liteky.

Brock next complains that this Court rescheduled his trial date without consulting him or his attorney. However, this Court routinely schedules (and reschedules) trials without consulting with the attorneys involved due to scheduling conflicts that arise. Brock's allegations that any untoward motive was involved with the rescheduling of his trial date are pure conjecture and are simply untrue and unfounded. This Court was not even aware of the state court issues which Brock raises in his motion.

Finally, Brock complains that this Court has somehow conspired with the official court reporter to create an inaccurate trial transcript. This Court has previously ruled upon Brock's

motion to correct the trial transcript, finding that Brock's claims were without merit. See Record Document 539. This issue is thus moot.

All of the undersigned's actions about which Brock complains either occurred in the course of prior judicial proceedings, were not based upon knowledge acquired outside judicial proceedings, or did not display deep-seated animosity and unequivocal antagonism that would render fair judgment impossible. See Liteky, 510 U.S. at 556, 114 S. Ct. at 1158; United States v. Mizell, 88 F.3d 288, 300 (5th Cir. 1996). Brock's motion is simply legally insufficient to show a disqualifying basis. The facts set forth in the motion, even accepted as true, do not show that any purported bias is personal, as opposed to judicial, in nature. Moreover, the allegations contained in Brock's motion to disqualify do not warrant the objective conclusion that the undersigned's impartiality might reasonably be questioned. Brock's grounds for disqualification are meritless and the Motion to Disqualify is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 1st day of October, 2021.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE