UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 19-0003 (04) |
| VERSUS | JUDGE DONALD E. WALTER |
| DAMIONE BROCK | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before the Court is a "Motion For New Trial," a "Supplemental Motion For New Trial," and another supplement to the motion for new trial filed pro se by the Defendant, Damione Brock ("Brock"). See Record Documents 527, 544, and 552. The Government opposes Brock's motion and supplements. See Record Document 556.

Federal Rule of Criminal Procedure 33(a) provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The Fifth Circuit has held that "a district court does not have the authority to grant a motion for a new trial under Rule 33 on a basis not raised by the defendant." United States v. Nguyen, 507 F.3d 836, 839 (5th Cir. 2007). Brock has alleged four bases upon which he argues that a new trial should be granted: (1) he was not given timely notice of the Government's intent to use Federal Rule of Evidence 902(11) documents in lieu of live testimony; (2) he was denied the right to face his accuser when co-defendant Keisarah McGee was not called by the Government to testify; (3) there was misconduct by the Government including, but not limited to, the numbering of the exhibits and the testimony of its supporting witnesses; and (4) he did not receive a unanimous verdict because not all of the jurors were polled. See Record Documents 527, 544, and 552.

The decision to grant or deny a motion for new trial is entrusted to the discretion of the trial judge; however, motions for new trial are not favored and are only granted with great caution. See United States v. O'Keefe, 128 F.3d 885, 898 (5th Cir. 1997) (citing United States v. Hamilton, 559 F.2d 1370, 1373 (5th Cir. 1977)). "The remedy of a new trial is rarely used; it is warranted 'only where there would be a miscarriage of justice' or 'where the evidence preponderates heavily against the verdict.'" Id. (quoting United States v. Andrade, 94 F.3d 9, 14 (1st Cir. 1996)). Rule 33's interest of justice standard "requires the district court to balance the alleged errors against the record as a whole and evaluate the fairness of trial." United States v. Wall, 389 F.3d 457, 466 (5th Cir. 2004) (quotations and citation omitted).

As to Brock's first issue, lack of timely notice of intent to use Federal Rule of Evidence 902(11) certifications, Brock's arguments are without merit. Brock acknowledges that the notice of intent that the Government issued was dated October 22, 2019. This notice was provided to Brock's standby counsel, who later became his appointed counsel. Due to numerous circumstances, including many of Brock's own making because of conflicts with counsel or the desire to represent himself, the trial of this matter was delayed until April 12, 2021. On April 9, 2021, a Faretta[1] hearing was held regarding Brock's desire to represent himself, wherein the Court granted Brock's motion to proceed pro se. At this point, the Government provided Brock with a courtesy copy of the notice of intent, along with many other documents that had previously been provided to his counsel. Although Brock complains that he did not receive timely notice, he, in fact, received timely notice through his attorneys of record. Therefore, this issue is meritless.

---

[1] Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525 (1975).

Brock next complains that he was denied his Sixth Amendment right to confront his accuser when the Government chose not to call one of his co-defendants, Keisarah McGee, as a witness in the trial. Notably, Brock did not seek to call Keisarah McGee as part of his case. Furthermore, Brock had the opportunity to cross-examine the co-defendants who did testify regarding their interactions with Keisarah McGee. Finally, any alleged error regarding the failure to call Keisarah McGee does not negate the fairness of the trial when the record as a whole is considered.

Brock also contends that confusion was intentionally caused by the Government when it was introducing evidence regarding the drugs seized, including their purity, quantity and location. He complains that the Government intentionally created confusion because of the numbering of the exhibits and testimony of accompanying witnesses. He also makes allegations that the Government witnesses were "groomed" to testify, that a lab report was falsified, that agents planted a bag of methamphetamine in one of the co-defendant's residences, and that the Government deceived the Court and the jurors. However, a review of the record indicates that there is no question that the exhibits about which Brock complains were properly authenticated and introduced into evidence. Furthermore, as to Brock's remaining allegations regarding the witnesses and evidence, his assertions are baseless and unsupported. Brock simply has not shown that there would be a "miscarriage of justice" or that the evidence "preponderates heavily against the verdict." O'Keefe, 128 F.3d at 898.

Finally, Brock asserts that he was not found guilty by a jury of twelve, as the trial transcript only indicated that ten jurors were polled following the guilty verdict. While Brock is correct that the initial transcript that was filed by the court reporter did not indicate that all twelve of the jurors had been polled, an amended transcript has since been filed along with a

letter from the court reporter explaining that after a review of the audio of the proceedings, an error was discovered during the jury polling wherein the last two jurors were inadvertently omitted. See Record Documents 553-54. Brock's argument as to this issue is now moot.

Accordingly, for the reasons stated herein, the Court finds that there has been no miscarriage of justice which might warrant a new trial. Brock's motion for new trial is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 29th day of November, 2021.

*/s/ Donald E. Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE