# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-3-4 |
| VERSUS | JUDGE DONALD E. WALTER |
| DAMIONE BROCK | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed by *pro se* Petitioner, Damione Brock ("Brock"). See Record Documents 637, 647, and 655. The Government filed an opposition, and Brock replied. See Record Documents 658, 661, and 662. For the reasons assigned below, Brock's motion is **DENIED**.[1]

## BACKGROUND

On February 13, 2019, Brock and six other individuals were charged in a superseding indictment with various counts relating to the introduction of drugs into the state penitentiary in Angola, Louisiana. See Record Document 39. Brock was charged with one count of conspiracy to possess with the intent to distribute methamphetamine, a schedule II controlled dangerous substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(viii). See id. The charges in this case stem from an alleged attempt to smuggle methamphetamine into the penitentiary for distribution. See id.

On February 27, 2019, Mary Winchell ("Winchell") was appointed to represent Brock. See Record Document 89. On July 1, 2019, Brock filed a motion to proceed *pro se*. See Record

---

[1] Because Brock's claims are contrary to law and plainly refuted by the record, no evidentiary hearing is required. See United States v. Green, 882 F.2d 999, 1008 (5th Cir. 1989).

Document 154. On July 18, 2019, the Court granted the motion. See Record Document 175. The minutes reflect that "[a]gainst the advice of the court, and following the court's warnings regarding the dangers of doing so, [Brock] made a knowing, intelligent, and voluntary waiver of his rights to counsel (including appointed counsel), and [Brock] will represent himself in this proceeding from this point forward." Id. at 1. The Court further appointed Winchell as standby counsel for advisory purposes only. See id. at 1.

On July 30, 2019, Brock filed an amended motion to suppress and motion for Franks[2] hearing.[3] See Record Document 191. The Court denied the motion to suppress and the motion for Franks hearing. See Record Documents 235 and 236. Brock later filed a *pro se* motion for reconsideration of the motion to suppress, which this Court denied. See Record Documents 260 and 273. On January 2, 2020, Winchell, on behalf of Brock, filed a "Motion to Reconsider the Motion to Suppress Wiretaps and for Franks Hearing," and the Court denied that motion. Record Document 315; see also Record Document 325. On the day of the trial, shortly before the potential jurors were brought into the courtroom, Brock filed a *pro se* motion for appointment of counsel based on conflict of interest. See Record Documents 326 and 328. The Court met with all counsel in the robing room for further discussions, and Winchell stated that she could no longer in good conscience fulfill her obligation to Brock given their difference of opinion on trial strategy. See Record Document 328 at 1. The Court agreed to release Winchell from her representation of Brock. See id. The Court further "admonished [Brock] for twice delaying the trial on this issue and warned [Brock] that any further attempt to delay the trying of this case will not be tolerated." Id. The Court

---

[2] See Franks v. Delaware, 438 U.S. 154, 171-72, 98 S. Ct. 2674, 2684-85 (1978).
[3] On July 18, 2019, Brock filed a *pro se* motion to suppress and motion for Franks hearing. See Record Document 166. Brock later filed a motion for leave to file an amended motion to suppress, which was granted by the Court. See Record Documents 166, 189, and 190.

2

continued the trial and found the delay was in the interests of justice and the need for the continuance outweighed the public and Brock's right to a speedy trial. See id.

On March 2, 2020, the Court determined that Brock was financially unable to employ counsel and appointed Shelley Goff ("Goff") to represent Brock. See Record Document 336. On April 8, 2021, Brock filed a *pro se* motion to dismiss count 1 of the indictment and a motion to proceed *pro se*, alleging that Goff had not objected to a trial continuance and had not filed the motions he requested. See Record Documents 465 and 466. The next day, Goff filed a motion to withdraw. See Record Document 467. Pursuant to Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525 (1975), the Court again warned Brock of the inherent dangers of self-representation and strongly advised Brock to continue with the assistance of appointed counsel. See Record Document 470. The Court found that Brock made a knowing, intelligent and voluntary waiver of his right to counsel (including appointed counsel) and granted both Brock's motion to proceed *pro se* and Goff's motion to withdraw. See id. Goff was relieved as appointed counsel but remained appointed as stand-by counsel for Brock. See id. The jury trial began on April 12, 2021. See Record Document 471. Brock made an oral motion for a Rule 29 Judgment of Acquittal, and the Court denied the motion. See Record Document 472. Brock was found guilty of Count 1 of the Second Superseding Indictment. See Record Documents 473 and 482.

On June 1, 2021, the Court granted Stephen Shapiro's ("Shapiro") motion to enroll as counsel. See Record Document 503. On July 14, 2021, the Court granted Shapiro's motion to withdraw. See Record Document 519. On August 4, 2021, Charles H. Kammer, III, was appointed as standby counsel. See Record Document 525. On September 16, 2021, Brock filed a *pro se* motion to correct trial court record, and the Court denied the motion. See Record Documents 536

and 539. On November 29, 2021, the Court denied Brock's *pro se* motion for new trial and supplemental motion for new trial. See Record Documents 527, 544, and 557.

On December 21, 2021, Brock was sentenced to 292 months' of imprisonment to be served consecutively to his release from state court custody, followed by five years of supervised release. See Record Document 569. Brock proceeded to file a *pro se* motion to compel and a motion to strike trial exhibits 41-51, and the Court denied the motions. See Record Documents 575, 577, 589, and 590. On May 3, 2022, Elizabeth Dougherty was appointed to represent Brock on appeal. See Record Document 595. A week later, the Court granted Elizabeth Dougherty's motion to withdraw. See Record Document 597. The next day, the Court appointed Mark David Plaisance ("Plaisance") to represent Brock on appeal. See Record Document 598.

Before the Fifth Circuit, Brock filed a *pro se* "Motion to Relieve Counsel and to Appoint Conflict Free Counsel" and a motion to proceed *pro se*. Record Documents 603 and 606. The Fifth Circuit granted Brock's motion to proceed *pro se* and granted the motion for Plaisance to withdraw. See Record Document 607. On March 10, 2023, the appeal was dismissed for want of prosecution because Brock failed to timely file a brief. See Record Document 614.

On June 10, 2024, Brock filed the instant motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. See Record Document 637. Brock requested an extension for the Government to respond to his motions. See Record Document 644. The Court granted his motion and allowed Brock to file a supplemental motion. See Record Document 646.

## LAW AND ANALYSIS

**I. Section 2255 Standard.**

Section 2255 provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §

2255(a). The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." Id. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Young, 77 F. App'x 708, 709 (5th Cir. 2003); see also United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996). Courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).

**II. Procedural Bar.**

"Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" Bousley v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998) (quoting Reed v. Farley, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994)). After a defendant is convicted and exhausts the right to appeal, a court is "'entitled to presume that [the defendant] stands fairly and finally convicted.'" United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (quoting United States v. Frady, 456 U.S. 152, 164, 102 S. Ct. 1584, 1593 (1982)) (changes original). The Court may only consider procedurally barred claims if the movant demonstrates cause for his failure to raise the claims on appeal and actual prejudice resulting from the alleged errors. See United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). In the absence of a showing of cause and prejudice, a procedurally defaulted claim can only be considered by the court if the defendant can establish actual innocence, which means that it is more likely than not that no reasonable juror would have convicted the defendant of the offense. Bousley, 523 U.S. at 622, 118 S. Ct. at 1611.

**III. Brock's Claims.**

Brock proffered several grounds for vacating his sentence. Brock challenges the admission of evidence presented during trial, the sufficiency of evidence presented by the Government, and several claims challenging the effectiveness of the multiple attorneys. See Record Document 637 at 4-13. The Government argues that all of the issues raised are either procedurally barred or meritless. See Record Document 658 at 1-2.

    A.  **Admissibility of Evidence Claims.**

Brock challenges the admissibility of Exhibit 54 and Exhibit 55. See Record Document 655 at 19-21. Exhibit 54 was a bag of methamphetamine and Exhibit 55 was a scale. See Record Document 533 at 7-8. During trial, a Drug Enforcement Administration Agent, Keith Knox, testified that he seized the scale and methamphetamine from the Brock's co-defendant's house. See id. at 6-9. The Government contends that Brock has failed to demonstrate that this ground is cognizable under Section 2255. See Record Document 658 at 19-20. As discussed above, only issues of a constitutional or jurisdictional magnitude can be considered under Section 2255. See Young, 77 F. App'x at 709. Brock appears to challenge the authenticity of the exhibits, but that issue is not constitutional in nature. See United States v. Macias, No. 08-098, 2013 WL 11309601, at *2 (N.D. Tex. June 11, 2013) (holding that defendant's claim that exhibits were not properly authenticated does not present a constitutional question and are not cognizable under Section 2255). Therefore, Brock has failed to prove that his challenges to the admissibility of Exhibit 54 and Exhibit 55 are cognizable under Section 2255.

    B.  **Insufficiency of the Evidence Claims.**

Brock alleges that there was insufficient evidence to establish venue and to prove the elements of the offense. See Record Document 655 at 10-19. The Government argues that Brock

6

is procedurally barred from raising the claims concerning sufficiency of the evidence, and the Court agrees. See Record Document 658 at 19. A challenge regarding the sufficiency of evidence does raise a constitutional issue. See Jackson v. Virginia, 443 U.S. 307, 314, 99 S. Ct. 2781, 2786 (1979). However, Brock did not raise these issues on appeal. Therefore, Brock's claims can only be considered on collateral review if he can show both "cause" for his procedural default and "actual prejudice" resulting from the alleged error. Shaid, 937 F.2d at 232. Brock failed to satisfy this requirement.

Therefore, Brock may only succeed on these claims if Brock can establish actual innocence. The actual innocence exception permits Section 2255 petitioners to proceed with procedurally barred claims. See McQuiggin v. Perkins, 569 U.S. 383, 392, 133 S. Ct. 1924, 1932 (2013). It applies where a defendant shows that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 329, 115 S. Ct. 851, 868 (1995). The trial transcript shows that there was more than sufficient evidence to support the conviction.[4] Because Brock cannot establish actual innocence, this claim is procedurally barred.

### C. Ineffective Assistance of Counsel Claims.

Brock's remaining four grounds allege ineffective assistance of counsel. A defendant challenging the performance of his attorneys may bring those challenges under Section 2255

---

[4] Specifically, Brock challenges that the drugs were not intended for him and that there was not enough evidence submitted regarding the amount of drugs. See Record Documents 637 at 13 and 655 at 16. At trial, Marvin Beck ("Beck") testified that Brock and another co-defendant contacted him to smuggle cans into the Louisiana State Penitentiary in Angola, Louisiana with the help of Keisarah McGee ("McGee"), a correctional officer at Angola. See Record Document 509 at 152-154. Beck testified that he followed through with the plan and later learned that the cans were filled with methamphetamine. See id. at 152-160. There was testimony presented that drugs were found in Brock's co-defendant's house, and those drugs were identified as 48.192 grams of d-methamphetamine. See Record Document 553 at 6-9, 25-26. Additionally, there was testimony presented that drugs were found in McGee's car that consisted of more than 50 grams of methamphetamine. See Record Document 509 at 75-76, 136.

without overcoming the procedural bar. See Massaro v. United States, 538 U.S. 500, 508-09, 123 S. Ct. 1690, 1696 (2003). To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). The defendant must demonstrate his "counsel's performance was deficient" and "the deficient performance prejudiced the defense." Id. at 687, 104 S. Ct. at 2064. Where a defendant challenges his counsel's assistance on appeal, the defendant satisfies the Strickland prongs by showing (1) that defendant's counsel "was objectively unreasonable . . . in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them" (i.e., deficient performance) and (2) "a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal" (i.e., actual prejudice). Smith v. Robins, 528 U.S. 259, 285, 120 S. Ct. 746, 764 (2000). "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997).

When determining whether counsel's performance was deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. State of La., 350 U.S. 91, 101, 76 S. Ct. 158, 164 (1955)). If a tactical decision is "conscious and informed . . . [it] cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." Crane v. Johnson, 178 F.3d 309, 314 (5th Cir. 1999).

8

To meet the second prong of <u>Strickland</u>, the defendant must show counsel's deficient performance resulted in actual prejudice to the defendant. Thus, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>. Moreover, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." <u>Green v. Johnson</u>, 160 F.3d 1029, 1042 (5th Cir. 1998).

### i. Attorney Winchell.

In his first claim, Brock asserts that he was denied effective assistance of counsel from his appointed standby attorney, Winchell. <u>See</u> Record Documents 637 at 4 and 647 at 5-11. On February 27, 2019, the Court appointed Winchell to represent Brock in this matter. <u>See</u> Record Document 89. Prior to the trial, the Court granted Brock's motion to proceed *pro se* and appointed Winchell as standby counsel for advisory purposes only. <u>See</u> Record Document 175. The record shows that Brock knowingly and voluntarily waived his right to counsel and elected to represent himself. <u>See id.</u> at 1. Although Brock was constitutionally guaranteed the right to represent himself or receive effective representation from an appointed attorney, the Sixth Amendment does not guarantee the availability of standby counsel to provide some "combination of the two." <u>United States v. Mikolajczyk</u>, 137 F.3d 237, 246 (5th Cir.1998). Moreover, *pro se* defendants do not have a constitutional right to standby counsel. <u>See United States v. Oliver</u>, 630 F.3d 397, 414 (5th Cir. 2011). "[W]ithout a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel." <u>Id</u>. (quoting <u>United States v. Morrison</u>, 153 F.4d 34, 55 (2nd Cir. 1998)). Because Brock had no constitutional right to effective assistance of standby counsel, Brock's first claim for relief is without merit as it pertains to Winchell's representation

after July 18, 2019, when the Court appointed her as his standby counsel. See United States v. Moyo, No. 07-384, 2012 WL 2190787, at *5 (E.D. La. June 14, 2012) (denying petitioner's Section 2255 claim because there is no constitutional right to effective assistance of standby counsel).

Nevertheless, the Court will examine the allegations during the time Winchell was appointed as counsel. Brock contends that Winchell operated under a conflict of interest because she did not disclose to him unredacted witness statements and certifications prepared by Steve Nelson and Michael Sexton.[5] See Record Documents 637 at 4 and 647 at 5-6. Because Brock's conflict of interest challenges allegedly stem "from a conflict between the attorney's personal interest and that of [her] client," the Strickland standard is more appropriate than the Cuyler[6] standard. Beets v. Scott, 65 F.3d 1258, 1260 (5th Cir. 1995). Prior to the trial, the Court granted Brock's motion to proceed *pro se* and denied his motion for new trial. See Record Documents 175 and 557. In denying the motion, the Court noted that the Government provided Brock with the documents that had been provided to his attorney. See Record Document 557 at 2. Therefore, Brock had access to the documents from the Government prior to trial and has failed to show any conflict of interest.

Additionally, Brock alleges that Winchell was ineffective for her failure to (1) investigate the certifications prepared by Steve Nelson and Michael Sexton and (2) hire an expert to challenge the wiretap evidence. See Record Documents 637 at 4 and 647 at 5-6. An attorney has a duty to

---

[5] Steve Nelson was the Administrator of the Electronic Surveillance Unit in Metairie, Louisiana, and Michael Saxton was a part of the Verizon Wireless Security Assistance Team. See Record Document 647 at 5.

[6] Cuyler v. Sullivan, 446 U.S. 335, 100 S. Ct. 1708 (1980). Under Cuyler, "prejudice is presumed if the defendant shows that an actual conflict of interest adversely affected his lawyer's performance." Beets, 65 F.3d at 1265 (citing Cuyler, 446 U.S. at 348, 100 S. Ct. at 1718).

10

make reasonable investigations or to make a reasonable decision that makes "particular investigations unnecessary." Strickland, 466 U.S. at 691, 104 S. Ct. at 2066; see Bower v. Quarterman, 497 F.3d 459, 467 (5th Cir. 2007) (holding that an attorney has a duty to conduct a reasonable amount of pretrial investigation). In assessing unreasonableness, the Court must apply "a heavy measure of deference" to counsel's judgments. United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." Id. Brock has failed to meet this burden because he has not alleged one fact that a further investigation would have revealed or altered the outcome of the trial. Therefore, Brock's claims regarding Winchell's representation lack merit.

### ii. Attorney Goff.

In his second claim, Brock asserts that he was denied effective assistance of counsel throughout the trial from his appointed standby attorney, Goff. See Record Documents 637 at 5 and 655 at 1-4. On March 2, 2020, the Court appointed Goff to represent Brock in this matter. See Record Document 336. Prior to the trial, the Court granted Brock's motion to proceed *pro se* and appointed Goff as standby counsel for advisory purposes only. See Record Document 467. The record shows that Brock knowingly and voluntarily waived his right to counsel and elected to represent himself. See id. at 1. Because Brock had no constitutional right to effective assistance of standby counsel, Brock's claim for relief is without merit as it pertains to Goff's representation on or after April 9, 2021, when the Court appointed her as his standby counsel. See Moyo, 2012 WL 2190787, at *5.

Nevertheless, the Court will examine the allegations during the time Goff was appointed as counsel. Brock alleges that Goff was ineffective for failing to (1) investigate and interview Steve

11

Nelson, Michael Sexton, and Nicholas Jarrell. See Record Documents 637 at 5 and 655 at 1-2. As previously mentioned, to succeed on his failure to investigate claims, Brock "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." Green, 882 F.2d at 1003. Once again, Brock has failed to meet this burden. Brock has not provided the court with any facts that a further investigation of Steve Nelson, Michael Sexton, and Nicholas Jarrell would have revealed to alter the outcome of the trial. Therefore, Brock's failure to investigate claims are without merit.

Additionally, Brock alleges that Goff was ineffective for failing to file a motion in limine to preclude the Government from referring to another defendant's out-of-court statements during the opening, closing, and rebuttal arguments. See Record Documents 637 at 5 and 655 at 1-2. Brock specifically wanted Goff to file a motion in limine regarding statements made by McGee, a correctional officer. See id. After reviewing the transcript of the Government's opening statement, closing argument and rebuttal argument, the Court finds that the Government did not reference any out-of-court statements made by McGee. See Record Documents 537-2 at 22-27 and 537-3 at 46-56, 65-69. Therefore, the Court finds Brock's underlying argument in support of the motion in limine frivolous. An attorney cannot be ineffective for failing to raise a meritless claim. See Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."); United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."). Therefore, Brock's claims regarding Goff's representation are without merit.

### iii. Attorney Shapiro.

Brock asserts that Shapiro was ineffective in failing to investigate, to file a motion to correct the trial court record and to timely file a motion for new trial. See Record Documents 637

12

at 7 and 655 at 5-6. On May 30, 2021, Shapiro filed a motion to enroll as counsel and a motion for an extension of time to file a motion for new trial. See Record Documents 501 and 502. On June 1, 2021, the Court granted Shapiro's motion to enroll as counsel for Brock and his motion for an extension of time to file motion for new trial. See Record Documents 503 and 504. On July 13, 2021, Shapiro filed an unopposed motion for an extension of time to file a motion for new trial and a motion to withdraw. See Record Documents 516 and 517. In support of both motions, Shapiro noted that he "terminated his attorney-client relationship with Brock" due to "irreconcilable differences" with Brock. Record Documents 516-1 at 1 and 517-1 at 2. To allow time for Brock to retain new counsel to represent him and to protect his interests, Shapiro requested a 30-day extension of time to file the motion for new trial. See Record Document 516-1 at 2. The Court granted Shapiro's motion for an extension of time and his motion to withdraw. See Record Documents 518 and 519.

First, Brock asserts that Shapiro was ineffective for his "failure to investigate and interview readily available witnesses" that attended Brock's trial. Record Document 655 at 7. Brock "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." Green, 882 F.2d at 1003. The Court reviewed the exhibits attached to this motion. See Record Document 661 at 8-20. The Court finds that Brock has failed to meet this burden. Brock has not provided the court with any facts that a further investigation of "readily available witnesses" that attended Brock's trial would have revealed to alter the outcome of the trial.

Additionally, Brock claims that Shapiro was ineffective for his failure to file a motion to correct the trial court record. See Record Documents 637 at 7 and 655 at 5-6. On September 15, 2021, months after the Court granted Shapiro's motion to withdraw, Brock filed a *pro se* motion

13

to correct the trial record. See Record Document 536. Later, Brock filed a supplement to that motion. See Record Document 537. This Court denied Brock's *pro se* motion to correct the trial record. See Record Document 539. The Court's ruling on the motion for new trial and the court reporter's filings explained the transcript was corrected to show that all twelve jurors were polled. See Record Documents 553, 554, and 557. Brock's evidence fails to show that the Court would have reached a different outcome. See Record Document 661 at 8-20. The Court finds that Shapiro was not ineffective because Brock has not presented any evidence or argument that Shapiro could have presented a motion that would have changed that decision. See Wilson v. Dir., No. 5:6-75, 2008 WL 2714089, at *6-7 (E.D. Tex. July 3, 2008) (finding that counsel was not ineffective for failing to represent petitioner at a recusal hearing because petitioner failed to allege that he had a meritorious ground for filing the *pro se* motion).

Finally, Brock contends that Shapiro was ineffective for his failure to timely file a motion for new trial. See Record Documents 637 at 7 and 655 at 5-6. The Court granted six motions for an extension of time to file a motion for new trial. See Record Documents 486, 497, 504, 518, 524, and 535. The Court granted two motions for an extension of time filed *pro se* by Brock before Shapiro enrolled as counsel. See Record Documents 486 and 497. The Court also granted two motions for an extension of time filed by Shapiro, one contemporaneous with the motion to enroll and one contemporaneous with the motion to withdraw. Therefore, Brock had until September 13, 2021, to file the motion after Shapiro was no longer counsel. Moreover, Brock timely filed the *pro se* motion for new trial on August 17, 2021, and subsequently filed various supplements and amendments. See Record Documents 527, 544, 550, and 552. The record shows that Shapiro did not fail to timely file a motion for new trial. Therefore, Brock's claims regarding Shapiro's representation lack merit.

### iv. Attorney Plaisance.

Brock contends that Plaisance was ineffective on direct appeal for his failure to file a brief that (1) "Brock was denied his Sixth Amendment right to face the witness against him," (2) "prosecutorial misconduct" occurred, and (3) the sentence Brock received was procedurally unreasonable. See Record Document 637 at 8. On May 12, 2022, the Court appointed Plaisance to represent Brock on appeal. See Record Document 598. Before the Fifth Circuit, Brock filed a *pro se* "Motion to Relieve Counsel and to Appoint Conflict Free Counsel" and a motion to proceed *pro se*. Record Documents 603 and 606. On November 4, 2022, the Fifth Circuit granted Brock's motion to proceed *pro se* and granted the motion for Plaisance to withdraw. See Record Document 607. Plaisance withdrew and did not file a brief. The Fifth Circuit granted several of Brock's motions to extend time to file his brief. See United States v. Brock, No. 22-300124 (5th Cir.), Record Documents 107, 115, 120, and 129. After Plaisance withdrew, Brock had until March 3, 2023 to file his brief and raise those arguments. See Brock, No. 22-300124 (5th Cir.), Record Document 129. The Court finds that Brock has not alleged any facts that Plaisance's "representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. Therefore, Brock's claims regarding Plaisance's representation are without merit.

### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Brock's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Record Document 637) is **DENIED**.

Pursuant to Rule 11(a) of the rules governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties

to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because Brock has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall be issued herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 26th day of September, 2025.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE